UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1762 JGB (KKx)** | Date | December 11, 2020 |
| Title | *James Rutherford v. Gokstad Group, LP* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING IN PART and DENYING IN PART Defendant's Motion to Dismiss (Dkt. No. 10); and (2) VACATING the December 14, 2020 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3) filed by Defendant Gokstad Group, LP. ("Motion," Dkt. No. 10.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion. The December 14, 2020 hearing is VACATED.

## I.   BACKGROUND

On August 28, 2020, Plaintiff James Rutherford filed a complaint against Defendants Gokstad Group, LP and Does 1-10. ("Complaint," Dkt. No. 1.) The Complaint alleges two causes of action: (1) violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, et seq.; and (2) violation of the Unruh Civil Rights Act ("UCRA"), Cal. Civ. Code § 51, et seq. (See Complaint.)

On October 13, 2020, Defendant Gokstad Group ("Gokstad") filed this Motion. (See Motion.) Plaintiff filed his Opposition on November 2, 2020. ("Opposition," Dkt. No. 12.) Defendant replied on November 16, 2020.[1] ("Reply," Dkt. No. 13.)

## II.   FACTUAL ALLEGATONS

Plaintiff alleges the following facts. Plaintiff is substantially limited in walking, standing, ambulating, sitting, and/or twisting, turning, and grasping objects. (Compl. ¶ 1.) Plaintiff relies on mobility devices, including at times a wheelchair, to ambulate. (Id.) Plaintiff has been issued a Disabled Person Parking Placard. (Id.)

On August 2, 2020, Plaintiff went to ABC Mongolian BBQ, owned by Defendant Gokstad Group, LP, to view menu items and confirm that this business was accessible to persons with disabilities. (Id. ¶ 8.) Although the facility had parking spaces, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG"). (Id. ¶¶ 10-11.) Defendant instead has accessible parking spaces that are not located on the shortest accessible route to the entrance, no accessible route connecting the parking access aisles to an accessible entrance, and no accessible routes connecting the parking to the main entrance or elements within the facility. (Id. ¶ 12.) Plaintiff alleges that there are additional ADA violations which affect him personally. (Id. ¶ 13.) Plaintiff believes that Defendant had no policy or plan to make sure that there was a compliant accessible parking space reserved for persons with disabilities prior to his visit. (Id. ¶ 15.) Plaintiff alleges he is being deterred from patronizing ABC Mongolian BBQ, but intends to return to the business to avail himself of the goods and services offered and to ensure that they comply with federal and state law. (Id. ¶ 19.)

## III.   LEGAL STANDARD

### A.   Subject Matter Jurisdiction: Fed. R. Civ. P. 12(b)(1)

Defendant moves to dismiss the FAC pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, without which, a federal district court cannot adjudicate the case before it. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." Sierra v. Dep't. of Family and Children Servs.,

---

[1] Defendant's Reply is untimely. Pursuant to Local Rule 7-10, reply papers must be filed no later than fourteen days before the date designated for the hearing of the motion. Defendant filed its Reply on November 16, 2020, seven days before the designated hearing date. Defendant did not seek leave to extend the deadline or make any effort to explain its delay. The Court therefore STRIKES the Reply and declines to consider it in deciding the instant motion. Rutherford v. Leal, 2020 WL 5544204, at *1 (S.D. Cal. Sept. 16, 2020) (striking untimely opposition where party did not seek leave to extend deadline).

2016 WL 3751954, at *3 (C.D. Cal. Feb. 26, 2016) (quoting Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)).  Thus, a jurisdictional challenge can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true.  Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma, 644 F. Supp. 2d 1177, 1189 (N.D. Cal. 2009).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone, 373 F.3d at 1039.  In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."  White, 227 F.3d at 1242.  "Where jurisdiction is intertwined with the merits, [the Court] must 'assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record.'"  Warren, 328 F.3d at 1139 (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Furthermore, Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed.R.Civ.P. 12(h)(3).

**B.  Supplemental Jurisdiction**

Where a district court has original jurisdiction over a claim, it may also exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.  A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding[.]"  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  However, a court may decline to exercise supplemental jurisdiction over a claim where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  In determining whether to decline jurisdiction pursuant to 28 U.S.C. § 1367(c), a court should consider whether the exercise of jurisdiction would promote judicial economy, convenience and fairness to litigants, and comity.  See Gibbs, 383 U.S. at 726; City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172–73 (1997).

//
//
//
//

## IV.  DISCUSSION

### A.  Supplemental Jurisdiction

Defendant asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, pursuant to 28 U.S.C. § 1367(c).  (Mot.)  Defendant does not dispute that Plaintiff's Unruh Act claim shares a common nucleus of operative fact and is part of the same case or controversy as his federal ADA claims, as required for supplemental jurisdiction under 28 U.S.C. § 1367(a).  However, Defendant asserts that (1) Plaintiff's Unruh Act state law claim substantially predominates over his ADA claim; and (2) there are compelling reasons to decline supplemental jurisdiction.  (Mot. at 13-17.)  In particular, Defendant asserts that Plaintiff engaged in impermissible forum shopping to avoid California's more stringent pleading requirements for construction-related accessibility claims by high-frequency litigants.  (Id.)  For the reasons established below, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

#### 1.  Substantially Predominating State Claims

Under the ADA, "only injunctive relief is available."  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).  The Unruh Act, however, allows for recovery of monetary damages of no less than $4,000 for every offense.  Cal. Civ. Code § 52(a).  Defendant argues that because Plaintiff's "true object" is the monetary relief under the Unruh Act, this state law claim predominates over the ADA claims.[2]

A court may dismiss state law claims when "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," the state law claims substantially predominate over the federal claims.  Rutherford v. Ara Lebanese Grill, 2019 WL 1057919, at *3 (S.D. Cal. Mar. 6, 2019) (quoting Gibbs, 383 U.S. at 726–27).  As Plaintiff points out, California district courts are split on whether these state law claims substantially predominate over ADA claims.  See, e.g., Feezor v. Tesstab Operations Group, Inc., 524 F.Supp.2d 1222, 1224 (S.D. Cal.2007) (holding that Unruh Act claims predominate over the ADA because the state law provides for more extensive remedies); Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F.Supp.2d 1120 (S.D. Cal.2005) (same).  Nevertheless, this Court joins the line of cases concluding that "because the burdens of proof and standards of liability under the ADA and the Unruh Act are the same where the Unruh claim is predicated on an ADA violation, the mere differences in relief between the ADA and the Unruh Act do not warrant dismissal under section 1367(c)(2)."  Johnson v. Makinen, 2009 WL 2137130, at *3 (E.D. Cal. July 15, 2009).  Adopting such a blanket rule would "preclude a district court from ever asserting

---

[2] Plaintiff seeks an injunction "enjoining Defendants from further violations of the ADA"; "actual and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code"; an additional $4,000 as "deterrence damages for each violation"; and "reasonable attorneys' fees, litigation expenses, and costs of suit" pursuant to the ADA and the Unruh Act.  (Compl. at 8-9.)

supplemental jurisdiction over a state claim under the Unruh Act." Kohler v. Islands Restaurants, LP, 956 F. Supp. 2d 1170, 1176 (S.D. Cal. 2013); Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017). "Such a rule would serve neither the interests of judicial economy nor convenience and fairness to litigants that motivate 28 U.S.C. § 1367." Lerma v. NTT McKee Retail Ctr., LLC, 2011 WL 4948667, at *4 (N.D. Cal. Oct. 18, 2011). The Court will instead consider the circumstances of this particular case.

In evaluating a nearly identical complaint by Plaintiff, in Rutherford v. Leal, 2020 WL 5544204 (S.D. Cal. Sept. 16, 2020), the Court found that plaintiff's complaint included a state-law specific legal theory and the potential to seek substantial state law damages. Id. at *5. In light of these factors, the court concluded that plaintiff's Unruh Act claim substantially predominated over his ADA claim. Id. Here, while Plaintiff argues in his Opposition that he only seeks $8,000 in monetary damages for two Unruh Act violations, (Opp'n at 1, 13), his Complaint suggests otherwise.[3] The Complaint lists three ADAAG violations, reserves Plaintiff's right to assert further violations after a site inspection, and adds that "there are additional ADA violations which affect [Plaintiff] personally." (Compl. ¶¶ 12-13.) As in Leal, the Complaint leaves the door open for the amount of damages to increase substantially. Where plaintiffs seek "significant damages under state law," district courts have found that their state law claims may substantially predominate over the federal ADA claims. Leal, 2020 WL 5544204, at *4 (listing cases); Pinnock v. Safino Designs, Inc., 2007 WL 2462107 (S.D. Cal. Aug. 28, 2007). Accordingly, the Court finds that Plaintiff's Unruh Act substantially predominates over his ADA claim.

   2. **Exceptional Circumstances**

Defendant also argues that "[b]y filing his California Unruh Act claim in federal court, Plaintiff is attempting to obtain state law damages in a manner inconsistent with the state law's requirements" for high frequency litigants, which represent exceptional circumstances and compelling reasons justifying a denial of supplemental jurisdiction over that state claim. (Mot. at 13.) Plaintiff counters that California's pleading requirements for high frequency litigants do not apply in federal court, and that judicial economy and fairness support supplemental jurisdiction over his Unruh Act claim. (Opp'n at 14.) Because the Court finds that the Unruh Act claims substantially predominate over the ADA claims as plead here, the Court does not reach these arguments.

//
//

---

[3] The Court cannot consider new materials beyond the pleadings when ruling on a motion to dismiss. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir.1990) (declining to consider plaintiff's factual allegations in declaration supporting opposition to motion to dismiss). Where the Opposition contradicts the Complaint, the Court will consider the allegations as plead in the Complaint. Jackson v. 14856 Magnolia Blvd. Real Estate LLC, 2020 WL 4342259, at *3 (C.D. Cal. June 3, 2020).

### B. Failure to State a Claim

Defendant cites to Fed. R. Civ. P. 12(b)(6) as a basis for its motion to dismiss. (Mot. at 1, 8.) However, Defendant fails to argue this basis for dismissal in the body of its motion. The Court therefore declines to consider Defendant's motion under 12(b)(6) and DENIES the Motion as to the ADA claim.

## V.     CONCLUSION

For the reasons above, the Court DENIES Defendant's motion to dismiss for failure to state a claim, and GRANTS Defendant's motion to decline supplemental jurisdiction. The Court DISMISSES Plaintiff's Unruh Act claim without prejudice. The December 14, 2020 hearing is VACATED.

**IT IS SO ORDERED.**